PENNSYLVANIA RAILROAD COMPANY *v.* ST. LOUIS, ALTON AND TERRE HAUTE RAILROAD COMPANY.

ST. LOUIS, ALTON AND TERRE HAUTE RAILROAD COMPANY *v.* PENNSYLVANIA RAILROAD COMPANY.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF INDIANA.

After argument of the cause is heard, the court of its own motion gives counsel an opportunity to file printed arguments on a plea to the jurisdiction which was overruled in the Circuit Court, and was not argued here.

These cases were argued on the 14th and 15th of January, 1886, by *Mr. John M. Butler* and *Mr. Joseph E. McDonald* for the St. Louis, Alton and Terre Haute Railroad Company,

and by *Mr. Stevenson Burke* and *Mr. Ashley Pond* for the Pennsylvania Railroad Company.

MR. CHIEF-JUSTICE WAITE, on the 25th day of the same January, made the following announcement:

The St. Louis, Alton and Terre Haute Railroad Company, the complainant in this case, is described in the bill as "a body politic and corporate, duly organized and existing under and by virtue of the laws of the State of Illinois, and a citizen of the State of Illinois." It is also averred in the bill that, ".under and by virtue of the statutes of the States of Indiana and Illinois, your orator was and is the owner of a railroad extending from the city of Terre Haute, . . . in the State of Indiana, to East St. Louis, . . . in the State of Illinois, . . . having power to operate its said road under the laws of said States. And that, for all the equities sought by this bill, the complainant represents the corporation by the same name with complainant created and existing under and by virtue of the statutes of Indiana." In the "operating contract," so-called, made Exhibit B to the bill, the complainant is described as "a corporation duly formed and organized under the laws of the said State of Indiana, and also duly formed and organized under the laws of the State of Illinois." Some of the defendants are Indiana corporations, and so alleged to be in the bill. A plea to the jurisdiction of the court was interposed by the defendant, the Indianapolis and St. Louis Railroad Company, on the ground that the complainant was in fact a corporation of Indiana, and, therefore, not a citizen of a different State from all the defendants. This plea was overruled by the Circuit Court. No error has been assigned on this ruling, and it was not referred to in the argument here. We do not, however, feel at liberty to pass it by unnoticed. Counsel may, if they desire to do so, file printed arguments on that question, together with copies of the statutes the consideration of which is involved, at any time before February 20.